# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO.:

**BRUNO FERRO,**

    **Plaintiff,**

**vs.**

**ROSS DRESS FOR LESS, INC.**
a Foreign Profit Corporation

    **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, BRUNO FERRO ("Plaintiff" or "FERRO"), by and through undersigned counsel, files this Complaint against Defendant, ROSS DRESS FOR LESS, INC. ("Defendant" or "ROSS"), and states as follows:

## NATURE OF THE SUIT

1. This This action is brought under the Fair Labor Standards Act ("FLSA") and Florida's Whistleblower Act, at Section 448.102(3), Florida Statutes ("FWA") to recover from Defendant unpaid overtime compensation, back pay, front pay, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, punitive damages, and any other damages permitted by law.

1

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff was an employee who performed assistant manager duties on behalf of Defendant in Miami-Dade County, Florida.

3. ROSS is a Foreign Profit Corporation located in Miami-Dade County, Florida, and which, at all times relevant, performed work in Miami-Dade County, Florida.

4. Jurisdiction is proper in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") as to the federal claims, and this court has supplemental jurisdiction over the FWA claims as they arise out of a continuing series of illegal activities committed by Defendant and involving Plaintiff's employment.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Miami-Dade County, Florida.

## FLSA AND FWA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer"

within the meaning of the FLSA.

9. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during the all times relevant.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. At all times material hereto, Defendant was primarily engaged in providing, among other things, clothing products to local and out of state clients via its business located in Miami, Miami-Dade County, Florida.

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

13. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as printers, computers, and office equipment and supplies, but which had come to rest within its location in Miami-Dade County, Florida.

15. Defendant, at all times material to this Complaint, employed in excess of ten (10) or more employees during Plaintiff's employment, and is a covered employer as defined by FWA.

## FACTUAL ALLEGATIONS

16. Plaintiff worked for Defendant under the title of Assistant Manager from January 28, 2018, through August 7, 2020.

17. In exchange for Plaintiff's services, Defendant paid Plaintiff $21.97 per hour.

18. Plaintiff always worked in Miami-Dade County, Florida, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

19. Plaintiff had no authority to hire or fire employees of ROSS.

20. Plaintiff had no authority to discipline employees of ROSS.

21. Plaintiff had no authority to determine the schedules to be worked by any employees of ROSS, or to change the schedules.

22. Plaintiff had no authority to set rates of pay for other employees or agents of ROSS.

23. Plaintiff had no input into performance reviews of other employees or agents of ROSS.

24. All of Plaintiff's major decisions had to be cleared in advance by

one of ROSS' supervisors.

25. Plaintiff was closely monitored by ROSS' managers and supervisors at all times.

26. Plaintiff followed procedures established by ROSS and did exactly as he was instructed to do.

27. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

28. Defendant paid Plaintiff an hourly rate.

29. From approximately December 2018 until August 2020, Plaintiff regularly worked forty-five (45) or more hours per week for Defendant.

30. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period, instead paying him only for **some** overtime hours, nothing at all for the rest.

31. In other words, Defendant only compensated Plaintiff at a rate of one-and-one-half times Plaintiff's regular rate for **a fraction** of his overtime hours worked for each work week.

32. Throughout his employment, Defendant ordered Plaintiff to complete tasks and meet deadlines that would force him to work more than forty (40) hours a week.

33. If Plaintiff failed to complete these mandatory tasks, his job and position were threatened.

34. Simultaneously, Defendant's clock-in system was programmed to not allow Plaintiff to clock in and record his full hours.

35. As a result, Plaintiff was forced to work "off the clock" to complete tasks required by Defendant.

36. Throughout his tenure, Plaintiff objected to Manager, Jaron Mathis ("Mr. Mathis"), about Defendant's illegal pay practices and requested to be paid his overtime hours at the appropriate rate.

37. Pursuant to the FLSA, Plaintiff's above-noted objections were "protected activity." *See* 29 U.S.C. § 215(a)(3).

38. Additionally, objections to the foregoing illegal pay practices also constitute protected activity pursuant to Section 448.102(3), Florida Statutes.

39. Defendant dismissed Plaintiff's objections and refused to pay him the money he is owed.

40. On August 7, 2020, Defendant terminated Plaintiff's employment.

41. Defendant terminated Plaintiff's employment because he objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA.

42. Under Florida law, terminating an employee for objecting to a

violation of law, rule, or regulation, or the employee's reasonable belief that said conduct violates same, is a violation of the FWA. *See Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013) (To establish a violation of the Florida Whistleblower law, an employee must establish that: (1) he objected to or refused to participate in an illegal activity, policy, or practice, or what he reasonably believed to be illegal; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal). All of the above elements are met here.

43. There is an extremely close temporal proximity/nexus between Plaintiff asserting his objections to Defendant's illegal pay practices and, and his termination.

44. Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

45. As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe financial loss.

46. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

47. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

48.     Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

49.     Plaintiff estimates his FLSA damages to be as follows; taking an average of five (5) unpaid overtime ("OT") hours per week, Plaintiff is owed 5 OT Hours x $32.96 per OT hour totaling $164.80 a week. Plaintiff estimates approximately 85 weeks remain in the operative FLSA statute of limitations. As such, Plaintiff is owed a total of $164.80 x 85 = **$14,008.00** in unliquidated overtime damages, and **$28,016.00** in liquidated damages plus attorney's fees and costs.

50.     Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

51.     Prior to violating the FLSA, Defendant did not consult with the DOL

to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

52. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

53. Based on the allegations in Paragraphs 50-52, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

54. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

55. Plaintiff reincorporates and re-alleges paragraphs 1 through 14, 16-37, 39-41, 43-54 above, as though set forth fully herein, and further alleges as follows:

56. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

57. During Plaintiff's employment with Defendant, Plaintiff regularly

9

worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

58. Plaintiff was not an exempt employee as defined by the FLSA, and was instead an hourly-paid, non-exempt employee as defined by the FLSA.

59. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty.
(40) per work week in one or more work weeks, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

60. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

   a. Declare, pursuant to the FLSA that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Award Plaintiff overtime compensation in the amount due to his for time worked in excess of forty (40) hours per work week;

   c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

  d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

61. Plaintiff reincorporates and re-alleges Paragraphs 1 through 14, 16-37, 39-41, 43-54, above, as though set forth fully herein, and further alleges as follows:

62. Plaintiff objected to Defendant's illegal pay practices throughout his employment and asserted violations of the FLSA.

63. On August 7, 2020, Defendant illegally terminated Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

64. Plaintiff was terminated for no other reason than his objections to Defendant's illegal pay practices.

65. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

66. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against

an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

67. In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §215(a)(3), that the acts and practices complained of herein are in violation of the FLSA;

    b. Awarding Plaintiff lost/back wages since the date of his termination;

    c. Awarding Plaintiff liquidated damages in an amount equal to the back wages award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and

   expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Awarding Plaintiff pre-judgment interest;

  f. Ordering any other further relief the Court deems just and proper.

## COUNT III
## UNLAWFUL RETALIATION IN VIOLATION OF Fla. Stat. §448.102(3)

68. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-60, of the Complaint as if fully set forth herein.

69. On August 7, 2020, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102 (3), Florida Statutes.

70. Plaintiff's employment was terminated for no reason other than Plaintiff objecting to illegal activity, or what he reasonably believed to be illegal activity in violation of Section 448.102(3), Florida Statutes.

71. Plaintiff objected to a violation of a law, or what he reasonably believed to be a violation of law, and was terminated as a direct result of same, which constitutes a violation of the FWA.

72. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back

pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury. DATED this 20th day of January, 2021.

                Respectfully Submitted,

                ***/s/Noah E. Storch***
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                RICHARD CELLER LEGAL, P.A.
                10368 W. SR 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*