UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:21-cv-20235-RNS

BRUNO FERRO,

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC.,

    Defendant.
    _____/

**JOINT MOTION TO LIFT STAY, APPROVE SETTLEMENT,
FOR IN CAMERA REVIEW OF SETTLEMENT AGREEMENT
AND JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff, Bruno Ferro ("Ferro") and Defendant, Ross Dress For Less, Inc. ("Ross"), in connection with the parties' settlement in this case, hereby jointly request that this Court lift the stay, review their Settlement Agreement *in camera,* approve their settlement, and dismiss this matter with prejudice and state as follows:

    1.    In his Complaint, Ferro alleged that Ross violated the Fair Labor Standards Act ("FLSA") by failing to pay him proper overtime and that he was terminated in violation of the Florida Whistleblower Act ("FWA").

    2.    The Court entered an Order Staying the Case (ECF No. 13) so that the Parties could proceed in arbitration. Prior to selecting an arbitrator or beginning arbitration, the Parties decided to mediate their dispute with experienced mediator Carlos Burruezo. The parties exchanged relevant information related to all claims and through mediation have now reached a settlement of all of Ferro's claims.

    3.    The parties request *in camera* review of the Settlement Agreement, because confidential disputes other than Ferro's FLSA claims were negotiated and settled, including his

pending claim under the FWA. The Settlement Agreement therefore contains a confidentiality provision that was negotiated by both parties.

4. The parties separately negotiated the FLSA claims and attorney fees associated with those claims, the breakdown of which is set forth in the parties' Settlement Agreement. Defendant believes that as a result of the settlement, Ferro is receiving more than he could recover even if he were to prevail on his FLSA claim at trial based on the evidence. Among the evidence provided by Ross, were pay and time records that established that Ross's pay policy guaranteeing Assistant Managers certain pay and overtime pay each week meant that Ferro was typically overpaid both straight time and overtime and that his overtime claims therefore had significantly less value than originally anticipated. Notwithstanding their disagreements, the Parties understand and agree that litigating the issues in this case would be expensive, time consuming, and create much uncertainty for the Parties. The Parties and their respective counsel agree that the Agreement represents a fair and full resolution of the FLSA claims. The Parties further believe and agree that the payments to be made to Plaintiff under the Agreement represent fair, reasonable consideration for settlement of Plaintiff's FLSA claims against Defendant.

5. Moreover, Plaintiff's attorney's fees and costs were negotiated separately and without regard to the amounts paid to Plaintiff in settlement of his FLSA claim. As such, Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to his attorney.

6. In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only

> other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

Id. at 1352-53.

7. Pursuant to Lynn's Food, the Court's review of the parties' settlement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement:
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of the counsel.

See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at * 2-3.

8. At all times material hereto, Ferro and Ross have been represented by counsel very experienced in the litigation of FLSA claims and the settlement amount and the final Settlement Agreement was the subject of arms-length negotiations. The parties voluntarily exchanged all relevant information and documents and negotiated in good faith to globally resolve all of the

disputes between them.  The parties therefore respectfully submit that the Agreement they have entered into is consistent with the intent and purpose of the Fair Labor Standards Act and the requirements on Lynn's Food, as all of the relevant criteria support approval of the ultimate settlement in this matter.

9. Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Ferro or Ross with respect to the settlement ultimately agreed upon.  Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair.  See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006).  Here, each party was independently represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights.  Based on the amount to be paid to Ferro, as well as the separate amount to be paid to his counsel, the parties believe it is transparent that there was no fraud or collusion.  The probability of success on the merits and length of future litigation also militate in favor of this settlement.  If the parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses.  This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

10. Further, the attorneys' fees and costs agreed upon to be paid by Ross under the parties' settlement related to the FLSA claims are separate and apart from the amounts to be paid to Ferro under the parties' Agreement, and the amounts being paid to Ferro under the parties' settlement were negotiated based upon the value of the claims asserted, including the overtime wages claimed by Ferro, with his attorneys' fees and costs broken out separately.  As discussed above, this settlement resolved numerous claims between the parties.  All of the attorneys' fees

associated with Ferro's FLSA claims are being fully paid as a part of the settlement and Ross agrees and acknowledges that the sums to be paid by it under the Settlement Agreement for Ferro's attorney's fees and costs are reasonable based upon the circumstances herein, and the amounts to be paid by Ross satisfies any and all amounts Ferro owes to his attorney.

11.     Based upon the foregoing, the parties jointly believe the settlement terms are fair, reasonable and adequate and that given the unique circumstances of this settlement, the court should review the Settlement Agreement *in camera* in order to preserve the parties' intent for confidentiality. Accordingly, the parties respectfully request that the Court lift the stay, allow *in camera* review of the Settlement Agreement, grant this Joint Motion for Approval of the Settlement, and enter a Final Order of Dismissal with Prejudice in this action.

WHEREFORE, all parties respectfully request the Court issue an Order: (1) lifting the stay; (2) permitting *in camera* review of the parties Settlement Agreement; (3) approving the parties' settlement; and (4) dismissing this action with prejudice.

Dated: June 14, 2021                                    Respectfully submitted,

| By: /s/Noah E. Storch | By: /s/Steven A. Siegel |
|---|---|
| Noah E. Storch | Steven A. Siegel |
| Fla. Bar No.: 0085476 | Fla. Bar No. 497274 |
| noah@floridaovertimelawyer.com | ssiegel@fisherphillips.com |
| Richard Celler Legal, P.A. | Fisher & Phillips LLP |
| 10368 West State Road 84 | 450 East Las Olas Boulevard |
| Suite 103 | Suite 800 |
| Davie, Florida 33324 | Fort Lauderdale, Florida 33301 |
| Telephone (866) 344-9243 | Telephone (954) 525-4800 |
| *Attorney for Plaintiff* | *Attorneys for Defendant* |